UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAYLA M. SMUTNEY,

    Plaintiff,

v.                                                                    Case No.:  2:22-cv-827-SPC-NPM

I.C. SYSTEMS, INC.,

    Defendant.

---

**SOLICITATION OR DEBT COLLECTION
FAST-TRACK SCHEDULING ORDER**

    Consistent with the just, speedy, and inexpensive administration of justice and pursuant to Rule 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of a case brought under one or more of the following statutes: the Telephone Consumer Protection Act (as amended by the Junk Fax Prevention Act) (TCPA); the Fair Debt Collection Practices Act (FDCPA); the Real Estate Settlement Procedures Act (RESPA), the Florida Consumer Collection Practices Act (FCCPA); and/or other state law consumer protection statutes. All parties **must** comply immediately with Rule 7.1 and Local Rule 3.03 to file a Disclosure Statement using the form available on the presiding judge's webpage.

    It is **ORDERED** that all[1] discovery—except as provided in this Order—is **STAYED** pending compliance with the following deadlines:

---

[1] The stay encompasses the requirements for Rule 26(a)(1)'s initial disclosures, a Rule 26(f) discovery

1

Form revised June 25, 2021

1. Within **SIXTY (60) DAYS** of this Scheduling Order, Plaintiff[2] must serve on Defendant all documents in Plaintiff's possession, custody, or control that relate to the telephone calls, faxes, text messages, letters, or other debt-collection/solicitation activities in question including (but not limited to):

   a. telephone records, call logs, facsimile confirmations, voice recordings, and account notations for any telephone calls, faxes, or text messages Plaintiff contends Defendant made;

   b. documents showing that Plaintiff had the applicable telephone at the time Defendant allegedly made the telephone calls or texts in question;

   c. documents showing that Plaintiff either (i) did not consent to Defendant making the telephone calls or sending the text messages or faxes in question; and/or (ii) revoked consent before Defendant made those telephone calls, or sent the text messages or faxes;

   d. documents of Plaintiff's prior complaints to Defendant about Defendant making the unwanted telephone calls, texts, or faxes; and

   e. for debt-collection cases, all correspondence and court documents pertaining to Defendant's alleged debt-collection efforts.

2. Within **SIXTY (60) DAYS** of this Scheduling Order, Defendant must simultaneously serve on Plaintiff all documents in Defendant's possession, custody, or

---

conference, and the filing of a Local Rule 3.02(a) case management report. The parties are free to stipulate to exchanging Rule 26(a)(1) initial disclosures on their own.

[2] If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant includes the plural.

Form revised June 25, 2021

control that relate to the telephone calls, faxes, text messages, letters, or other debt-collection/solicitation activities in question, including (but not limited to):

   a. telephone records, facsimiles, call logs, and voice recordings about the telephone calls Plaintiff contends Defendant made, including notations made by Defendant's representative or employee during the telephone call(s);

   b. documents showing Plaintiff consented to Defendant making the telephone calls, sending the text messages, or faxes in question;

   c. documents pertaining to Plaintiff's prior complaints to Defendant about Defendant making the unwanted telephone calls, sending the unwanted text messages, or faxes; and

   d. for debt-collection cases, all correspondence and court documents pertaining to Defendant's alleged debt-collection efforts.

3. Counsel may serve subpoenas on telecommunications entities so accurate information may be gathered. If the parties serve subpoenas for telephone records, they should do so as early as possible and should work together to facilitate the process.

4. On or before **June 21, 2023**, Plaintiff must file and serve its **VERIFIED** Answers to the Court's Interrogatories. Then on or before **July 5, 2023**, Defendant must file and serve its **VERIFIED** Answers to the Court's Interrogatories. The Interrogatories are available on the presiding judge's webpage and must be filed with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

Form revised June 25, 2021

5. On or before **August 4, 2023** the parties shall file any motions to add or join parties, or amend the pleadings.

6. This action is **REFERRED** to mediation. The mediation must be conducted as outlined in this Order and pursuant to Chapter 4 of the Local Rules as follows:

   a. *Scheduling Mediation*: The parties must mediate no later than **September 4, 2023**. Neither party may cancel or reschedule a mediation conference without the Court's permission. Motions to extend the mediation deadline are strongly disfavored and will be granted only in extraordinary circumstances. Unless otherwise agreed, the parties must bear the mediation expenses equally and pay immediately after the mediation.

   b. *General Rules on Mediation*: (1) The parties must designate a mediator and indicate whether the mediator is certified; (2) The parties must establish a mediation deadline as outlined above; (3) Lead counsel must confirm a mediation date agreeable to the mediator, and the parties must notify the presiding judge of the date by filing a Notice of Mediation at least **FOURTEEN (14) DAYS** before the mediation conference; (4) Lead counsel, the parties, or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend mediation; (5) Any unexcused absence or departure from mediation is sanctionable; (6) The mediator must report the result of the mediation and whether all required persons attended mediation within **SEVEN (7)**

Form revised June 25, 2021

**DAYS** of the mediation taking place; and (7) The substance of the mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

7. If the case does not settle, then the parties must file—within **SEVEN (7) DAYS** of the mediation—the Solicitation or Debt Collection Fast-Track Case Management Report available on the presiding judge's webpage. Upon filing the Case Management Report, the discovery stay expires. After reviewing the Fast-Track Case Management Report, the Court will hold a preliminary pretrial conference. Lead counsel must appear in person and be prepared to discuss the claims, defenses, and other aspects of the case. This case will be set for trial about eight months after the mediation conference.

8. The parties may consent to litigate this matter before the assigned Magistrate Judge by filing an AO 85 form available on the Court's website. Any party may withhold consent with no adverse consequences.

**ORDERED** in Fort Myers, Florida on this **23rd day of March 2023**.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Form revised June 25, 2021